UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER GIERER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17CV2624 HEA |
| | ) | |
| REHAB MEDICAL INC., | ) | |
| | ) | |
| Defendant. | ) | |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Bill of Costs, [Doc. No. 33]. Plaintiffs oppose the motion. For the reasons set forth below, Defendant's Motion for Bill of Costs will be granted, as provided herein.

## Procedural Background

Plaintiff, a former sales employee of Defendant, first filed an action against her former employer in United States District Court alleging: retaliation for engaging in unlawful acts under the False Claims Act, 31 U.S.C. § 3730(h) ("FCA") (Count I); unpaid commissions due under Missouri Revised Statutes § 407.913 (Count II); unjust enrichment (Count III); and wrongful termination in violation of public policy (Count IV). *Gierer v. Rehab Med., Inc.*, No. 4:14-CV-1382 CAS, 2017 WL 976931 (E.D. Mo. Mar. 14, 2017) ("*Gierer I*") On March 14, 2017, Judge Shaw of this District entered summary judgment in favor of Defendant

as to Count I only; finding insufficient allegations as to the requirements for diversity jurisdiction, Judge Shaw declined to exercise supplemental jurisdiction over Plaintiff's state law claims (Counts II – IV), and dismissed them without prejudice. *Id.*

Defendant, as the prevailing party, moved for a bill of costs in *Gierer I* under Federal Rule of Civil Procedure 54(d). In the interim, Plaintiff filed her three previously-dismissed claims in state court, which Defendant removed to this Court based on diversity jurisdiction ("*Gierer II*"). Taking these developments into consideration, Judge Shaw ruled that Defendant would be awarded one-fourth of its costs in *Gierer I*:

> While defendant prevailed as to the federal claim in Count I—and thus, is the prevailing party in *Gierer I*—the remaining three state law counts asserted by plaintiff and dismissed without prejudice in this case are now pending before the Court in *Gierer II*. If plaintiff prevails in *Gierer II*, she would be entitled to an award of her costs in that case. Under these circumstances, the Court in the exercise of its discretion finds it appropriate to limit defendant's cost award to one-fourth of its costs based on its partial success in *Gierer I*.

*Gierer v. Rehab Med., Inc.*, No. 4:14-CV-1382 CAS, 2018 WL 1397532, at *2 (E.D. Mo. Mar. 20, 2018) ("*Gierer I Costs*").

In the instant action, *Gierer II*, Plaintiff alleged: wrongful termination in violation of public policy (Count I); unpaid commissions due under Missouri Revised Statutes § 407.913 (Count II); and unjust enrichment (Count III). These claims were based on substantially the same set of facts as *Gierer I*. On September

30, 2018, the Court granted Defendant's Motion for Summary Judgment as to all counts.

Defendant now moves for costs as the prevailing party in this case. Rather than submitting a new bill of costs, Defendant requests the remaining three-fourths of the *Gierer I* costs which Judge Shaw found to be recoverable.

## Standard

Rule 54(d) of the FRCP provides "costs—other than attorney's fees—should be allowed to the prevailing party." *See also In re Derailment Cases*, 417 F.3d 840, 844 (8th Cir.2005) ("A prevailing party is presumptively entitled to recover all of its costs."). Pursuant to 28 U.S.C. § 1920, the Court may tax costs for:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

District courts have substantial discretion in awarding costs under Rule 54(d). *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006) (citing *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 363 (8th Cir.1997)). Upon objection by the opposing party as to authorized costs, the Court may exercise its discretion to grant or deny costs. *Pershern v. Fiatallis North America, Inc.*, 834 F.2d 136, 140 (8th Cir.1987).

## Discussion

In *Gierer I*, Plaintiff objected to specific costs and argued that Defendant should only be awarded one-fourth of its cost because Defendant prevailed on only one of four counts. *Gierer I Costs*, 2018 WL 1397532, at *1.

**Depositions**

In *Gierer I*, Plaintiff objected to costs for the depositions of certain individuals as not being used in Defendant's motion for summary judgment. *Id*. at *2. Plaintiff also objected to "videographic deposition costs." *Id*. Here, Plaintiff lodges the same objection regarding depositions that she claims were not used in Defendant's motion for summary judgment, but she does not raise any objections regarding videographic deposition costs. Judge Shaw fully and adequately addressed Plaintiff's objection to the purportedly unused depositions, and found that "the depositions of these witnesses reasonably seemed necessary at the time

they were taken." To relitigate this issue, which was already raised and ruled on in *Gierer I*, would be a waste of judicial resources.

The Court will award Defendant costs in the amount of $8,667.49, which is the amount it incurred in deposition costs minus the amount previously awarded ($11,556.66 - $2,889.17). *Gierer I Costs*, 2018 WL 1397532 at *3.

**Witness Fees**

In *Gierer I*, Defendant sought "costs of $4,549.94 for witness fees for non-party witnesses Vicky Accardi ($2,840.35), and Jenna Domeck ($509.59), who were noticed for deposition by plaintiff's counsel, and $1,200 in expert witness fees it paid to Dr. Laura Chakes, plaintiff's rebuttal expert." *Id.* Plaintiff objected to:

> [P]aying costs for Ms. Accardi's lodging, meals, and mileage for attending her own and other depositions in this case. Plaintiff states defendant is not entitled to recover for its corporate representative's general participation in the case, and the Court should reject the $2,840.35 claimed for Vicki Accardi. Plaintiff also objects to the $509.59 in costs for Jenna Domeck's travel. Plaintiff states the deposition of Ms. Domeck was held in St. Louis for the convenience of defendant's attorney, and plaintiff's counsel had offered to travel to Kentucky to take Ms. Domeck's deposition. Plaintiff objects to the claimed costs as to expert Dr. Chakes on the basis that expert witness fees are not taxable costs under the cost statute.

*Id.*

Judge Shaw carefully analyzed the rules and applicable law and found that only Accardi's travel fees associated with her own deposition and compelled

5

mediation were reimbursable, these costs totaled $1,496.88. Judge Shaw therefore awarded Defendant on fourth of the total, or $374.22 for Accardi's travel costs. *Id.* at *4. Accordingly, Defendant now seeks $1,122.66 for Accardi's travel costs.

Judge Shaw found that the fees attributed to Domeck's travel were taxable because the parties agreed to conduct Domeck's deposition in St. Louis. *Id.* He awarded Defendant $127.40, which is one-fourth of the total of $509.59. *Id.* Defendant seeks the difference, $382.19, in this action.

Judge Shaw found Plaintiff's stance as to fees charged by expert witnesses to be incorrect, and awarded Defendant $300.00 for one-fourth of the $1,200.00 expert witness fees paid to Dr. Chakes. *Id.* Here, Defendant seeks the remaining $900.00.

In the instant action, Plaintiff raises no new bases for her objections to these witness fees. Finding Judge Shaw's reasoning to be sound, this Court awards to Defendant the remaining three-quarters of the witness fees not taxed in *Gierer I Costs*, in the amount of $2,404.85.

**Exemplification and Copies**

In *Gierer I*, Defendant sought $2,253.06 representing 30 invoices of copy services. Judge Shaw ruled that it could not be determined that scanning, Bates-labeling, binding, and color copies were "necessarily obtained" and did not tax those costs. *Id.* at *5. Judge Shaw found Plaintiff's analysis of the Defendant's

invoices persuasive, adopted and incorporated it, and awarded Plaintiff $217.94 for one-fourth of the allowable costs for copies and exemplification. *Id.* Defendant now seeks $653.82 for copies and exemplification ($871.76 - $217.94 previously awarded).

In the instant case, Plaintiff seemingly lodges the same objections which were sustained by Judge Shaw in *Gierer I Costs*. As noted above, those costs were based on Plaintiff's own analysis of Defendant's invoices. There is no logical basis for this Court to decline to follow Judge Shaw's findings as to copies and exemplification costs. Defendant is awarded the remaining costs for copies and exemplification, in the amount of $653.82.

**Conclusion**

For the foregoing reasons, this Court follows the cost taxing decision of Judge Shaw that accounted for Defendants success on one of its claims, and extrapolates it to account for Defendant's success on its remaining three claims. Defendant is awarded the three-quarters of costs which were not taxed against Plaintiff in *Gierer I Costs*. Specifically, Defendant is awarded $8,667.49 for deposition costs, $2,404.85 in witness fees, and $653.82 for copies and exemplification.

**IT IS HEREBY ORDERED** that Defendant's Motion for Bill of Costs, [Doc. No. 33], is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall tax costs in favor of Defendant and against Plaintiff in the amount of $11,726.16.

Dated this 30th day of May, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE